IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM B. MCMULLAN**                                                                         **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 1:24-cv-00163-LG-BWR**

**JOEL TANNER, et al.**                                                     **DEFENDANTS**

**ORDER DENYING MOTION [23] TO STAY CASE, SUPPLEMENTAL MOTION [30] TO STAY CASE, MOTION [33] TO STAY CASE PENDING THE OUTCOME OF CRIMINAL PROSECUTION AND DISMISSING CASE WITH PREJUDICE**

*Pro se* Plaintiff William B. McMullan filed this lawsuit under 42 U.S.C. § 1983 on May 31, 2024, against Defendants Deputy Joel Tanner, Lt. Shane Bozeman, Assistant District Attorney William Barrett, and District Attorney Angel Myers McIlrath. Barrett and McIlrath have since been dismissed as Defendants, leaving only Deputy Tanner and Lt. Bozeman to answer McMullan's claims. When he filed this lawsuit, McMullan was a pretrial detainee being housed at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi. He is proceeding *in forma pauperis*.

Defendants filed a Motion [23] to Stay Case and a Supplemental Motion [30] to Stay Case, and McMullan filed a comparable Motion [33] to Stay Case Pending the Outcome of Criminal Prosecution. For the following reasons, the pending Motions [23] [30] [33] to Stay Case will be denied, and McMullan's remaining claims will be dismissed *sua sponte* under 28 U.S.C. § 1915 pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This dismissal will operate with prejudice until the conditions outlined in *Heck* are satisfied.

## BACKGROUND

Deputy Tanner first arrested McMullan on March 10, 2023, for driving under the influence ("DUI") in Ocean Springs, Mississippi. Judge Mark Watts "granted a recognizance bond," conditioned on McMullan's completion of a court-ordered rehabilitation program. Resp. [9] at 1. McMullan completed his rehabilitation program on August 1, 2023, and he was then returned to JCADC. McMullan alleges that the Grand Jury declined to indict him, and he was released from custody on March 18, 2024.

Plaintiff further alleges that later Deputy Tanner "maliciously arrested [McMullan] again for DUI." Resp. [9] at 1. McMullan "was sleeping in [his] truck . . . in the parking lot next to the Waffle House" in Ocean Springs. Compl. [1] at 6. When Deputy Tanner and other officers "woke" McMullan and "realize[d] who [he] was," they "arrest[ed] [him] again on the same charge." *Id*. McMullan claims that the officers "never witnessed the vehicle in motion," and he insists that the vehicle was "stationary for at least 36-48 hours prior to [his] arrest." *Id*. McMullan also alleges that three other deputies "witnessed [the vehicle] being in the same location" in the days before his arrest, and they "determined [that he] was doing no wrong." *Id*.

McMullan accuses Defendants of "malicious and wrongful arrest and confinement." Compl. [1] at 3. He asserts that "[t]his is plainly a case in which a[n] officer doesn't like to lose and harasses those in no position to fight back." *Id*. at 7.

McMullan seeks compensatory damages of $150.00 per day of his incarceration, plus punitive damages of $1,000.00 per day of his incarceration from March 10, 2023.

On June 21, 2024, McMullan was indicted for "Felony DUI – Fourth Offense" under Mississippi Code § 63-11-30(1)(d)(2)(d). Att. [11] at 5. McMullan pled guilty to that offense on February 24, 2025, and his sentencing hearing was deferred pending completion of another rehabilitation program. *See State of Miss. v. McMullan*, No. 30CI1:24-cr-10244-CT (Jackson Cnty. Cir. Ct., Feb. 24, 2025) (Docs. 47-49). On July 15, 2025, McMullan was sentenced to a ten-year term of incarceration, with all of it suspended but for time served, and the remainder on post-release supervision. *McMullan*, No. 30CI1:24-cr-10244-CT (Doc. 55).

## STANDARD OF REVIEW

The Prison Litigation Reform Act applies to prisoner plaintiffs proceeding *in forma pauperis*. Because McMullan is proceeding accordingly, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v.*

3

*Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of [a] claim *sua sponte*," *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added), "even in the absence of a motion to that effect from the Defendants," *Houston v. Bankplus of Miss.*, No. 4:04-cv-00229-LN, 2005 WL 8177625, at *1 (S.D. Miss. Jan. 21, 2005). Under these circumstances, the Court may take judicial notice of matters of public record. *See, e.g.*, *Purnell v. Pizana*, No. 4:20-cv-00968-RAS-CAN, 2021 WL 11486232, at *2 (E.D. Tex. Apr. 29, 2021) (taking judicial notice of state-court records when analyzing a claim under *Heck* pursuant to the screening provisions of § 1915); *Hagwood v. Doe*, No. 3:16-cv-3038-G-BN, 2019 WL 764217, at *2 (N.D. Tex. Jan. 29, 2019), *report and recommendation adopted by* 2019 WL 719200, at *1 (N.D. Tex. Feb. 20, 2019) (same).

## DISCUSSION

"In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87). "*Heck* requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that

the conviction or sentence has already been invalidated.'" *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)). "This requirement or limitation has become known as the favorable termination rule." *Id.* (quotation omitted).

While a criminal prosecution is pending in state court, it would be premature to decide whether any of a plaintiff's claims for damages under § 1983 are barred by *Heck*. Instead, "[t]he court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *see also Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) ("If a pretrial detainee brings claims that may ultimately be barred by *Heck*, the best practice is for the district court to stay the proceedings until the pending criminal case is resolved."). However McMullan's criminal prosecution has now been fully resolved, so the *Heck* question is ripe for consideration. No stay of these proceedings is necessary.

This case is based on McMullan's belief that he was maliciously and wrongfully arrested and confined. But success on these claims would necessarily imply the invalidity of his conviction and sentence, both of which rely on the legitimacy of the arrest preceding his indictment. Moreover, the record lacks evidence that McMullan's conviction and sentence have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

5

to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. Thus, his conviction and sentence do not satisfy *Heck*'s favorable termination rule, and he cannot maintain his § 1983 claims against either remaining Defendant. *See, e.g.*, *Harness v. Longview Police Dep't*, No. 6:21-cv-00102, 2022 WL 1651928, at *1-3 (E.D. Tex. Apr. 19, 2022) (recommending that wrongful-detention claim be dismissed under *Heck* when the plaintiff pled "guilty to the criminal charges through a plea bargain and the criminal charges have not been overturned"), *report and recommendation adopted by* 2022 WL 1651916, at *1 (E.D. Tex. May 24, 2022); *Johnson v. Wilkinson County*, No. 5:04-cv-00309-DCB-JCS, 2006 WL 455161, at *6 (S.D. Miss. Feb. 22, 2006) (dismissing wrongful-arrest-and-detainment claims where the plaintiffs "pled guilty to the offenses charged against them, and those convictions have never been challenged").

McMullan's remaining claims must be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (directing that *Heck*-barred claims should be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion [23] to Stay Case, Defendants' Supplemental Motion [30] to Stay Case, and Plaintiff's Motion [33] to Stay Case Pending the Outcome of Criminal Prosecution

are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's remaining claims are dismissed with prejudice until the conditions outlined in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), are satisfied. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 18th day of July, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE